(No. 14816.—Judgment affirmed.)

THE A. L. RANDALL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MARY CAMELLA, Defendant in Error.)

*Opinion filed December 19, 1922.*

1. WORKMEN'S COMPENSATION—*when injury arises out of and in course of employment.* Where an employee is ordered to take material from a lower to an upper floor of the employer's place of business and is killed in attempting to operate the elevator while the foreman had gone in search of the elevator man the accident arises out of and in the course of the employment, although the employee was not directed to operate the elevator.

2. SAME—*general rule as to when an injury arises out of and in course of employment.* Where a servant is employed to do a particular service and is injured while performing a different service voluntarily undertaken the master is not liable, but an injury arises out of and in the course of the employment when it occurs within the period of the employment, at a place where the employee may reasonably be and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

J. C. M. CLOW, for plaintiff in error.

BRUNDAGE & GORMAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This writ of error was granted to review a judgment of the circuit court confirming an award made by the Industrial Commission to Mary Camella, mother of Stephen Camella, deceased. Stephen was employed by the plaintiff in error, the A. L. Randall Company. Its foreman testified Stephen's employment was wrapping up furniture, putting excelsior pads on it, and "any other work we might use him for." On the 29th of March, 1920, he was injured at plaintiff in error's place of business so that he died soon afterwards. He left a father and mother and two younger brothers and a sister residing with their parents. His average weekly wages were $21. The arbitrator found his parents were dependent on him and made an award of $10.50 per week for 157 weeks and one week at $1.50. On review by the Industrial Commission the commission found the mother of Stephen was dependent upon him for support and entitled to the minimum compensation provided by the Workmen's Compensation act; that the father was not dependent. An award was made to the mother of deceased in the sum of $10.50 per week for the period of 157 weeks and $1.50 a week for one week. The award was confirmed by the circuit court and a writ of error was granted by this court.

Counsel for plaintiff in error says in his brief: "All the material facts necessary to entitle either the father or the mother to the minimum award in this case were stipulated by the respondent and your petitioner. The sole question was whether or not the accident arose out of and in the course of Stephen's employment."

As testified to by Herman Goetz, the plaintiff in error's foreman, deceased, a boy seventeen years old, was employed

in wrapping furniture and doing any other work he could be used for. On the occasion of his fatal injury he and a fellow-workman named Calderona were asked by the foreman to take some bags of moss from the first floor to the second and third floors. This was to be done by means of a freight elevator. The sacks of moss were on a platform by the elevator shaft. When the foreman and the two workmen went to the elevator shaft the elevator was down in the basement. The foreman testified he called the elevator man, but receiving no answer told deceased to wait a minute and he (Goetz) would go down and get the elevator. Calderona testified he did not hear any call for the elevator man and heard no talk between the foreman and deceased at the elevator. The foreman left the shaft, and while he was gone, as he testified, to the basement to find the elevator man, deceased put his arms and shoulders in the shaft and caught hold of and pulled the operating cable, which brought the elevator up. He was caught and so mashed and injured that he died almost immediately. Plaintiff in error's foreman and other witnesses on its behalf testified there was a regular elevator man who ran the elevator between the different floors in the building. Witnesses for the applicant, who are employees of plaintiff in error, testified at times employees other than the elevator man operated the elevator, and one, at least, testified the foreman had seen witness operate it.

Counsel for plaintiff in error, by the statement we have quoted from the brief, waived all questions except the contention that the death was not caused by an accidental injury arising out of and in the course of the employment. In support of that proposition several decisions of this court are cited in which we held that where an employee was engaged to do certain work, which he voluntarily abandoned and was engaged in something else at the time of his injury, such injury did not arise out of and in the course of the employment. We do not think those cases applicable

to the facts here proved. Stephen Camella, in going to the elevator to assist in taking sacks of moss to the upper floors, was obeying the orders of his foreman and was engaged in the line of his duty. Under the facts here, if he had been told by his foreman to operate the elevator there could be no question that he would have been in the line of duty. There is no proof he was told to operate the elevator, but when he and his companions arrived at the elevator shaft they found it was in the basement. The foreman testified he told deceased to wait a minute and he would get the elevator man. While he was gone the accident occurred, as we have stated. In doing what he did deceased was endeavoring to perform the duty he was ordered to perform by his foreman, although the foreman had not directed him to operate the elevator. We held in *Dietzen Co.* v. *Industrial Board,* 279 Ill. 11, that courts are not inclined to be too severe where workmen are injured while attempting to further the master's business, even though the attempt is in a line somewhat outside the precise scope of the employment; that where a servant is employed to do a particular service and is injured while performing a different service voluntarily undertaken, the master is not liable. We said: "It is the rule that an employee is engaged in the course of his employment when the injury occurs within the period of his employment, at a place where he may reasonably be and while he is reasonably fulfilling the duties of his employment or is engaged in doing something incidental to it." That holding has been consistently adhered to down to *Chicago, Wilmington and Franklin Coal Co.* v. *Industrial Com.* 303 Ill. 540.

We are of opinion the award was justified by the testimony, and the judgment of the circuit court confirming it is affirmed.

*Judgment affirmed.*