Noah Gross, Plaintiff in Error, v. Cuneo Press, Inc., Defendant in Error.

Gen. No. 32,971.

Heard in the second division of this court for the first district at the October term, 1928. Opinion filed February 14, 1929.

EARL J. WALKER, for plaintiff in error.

JOSEPH H. HINSHAW, for defendant in error; OSWELL G. TREADWAY, of counsel.

Mr. Justice Barnes delivered the opinion of the court.

The action below was to recover for personal injuries. The declaration charged negligence in the operation of defendant's motor truck whereby plaintiff was struck and injured, and wanton and wilful negligence of defendant's employee. Defendant filed a plea of general issue, and later, by leave of court, a plea alleging that at the time of the injury plaintiff was in the employ of the Chicago Surface Lines, which employer was working under and bound by the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.;* that defendant and its agents were also working under said statute, and that the accident arose out of and in the course of plaintiff's said employment. Issue by replication was duly taken. At the close of all the evidence the court gave a peremptory instruction to the jury to find for the defendant, holding that with the most favorable inferences to the plaintiff from the evidence the only conclusion to be drawn therefrom was that the injury arose out of and in the course of plaintiff's said employment.

It is conceded that if the accident arose "out of and in the course of" the employment of plaintiff as an employee of the Chicago Surface Lines, the plaintiff, his employer and the defendant would all be bound by the terms of the Workmen's Compensation Act (section 29), Cahill's St. ch. 48, ¶ 229. The controlling question, therefore, is, Was there any evidence tending to show that the accident did not arise out of or in the course of such employment? If so, authorities need not be cited to the point that it was error to give such instruction.

Plaintiff was a conductor in the employ of the Chicago Surface Lines on a westbound car on Roosevelt Road, Chicago. At a point about 50 feet west of Wells Street, where it crosses Roosevelt Road, the car was

stopped on account of an automobile, that had been towing another, being stalled on the car track about in the middle of the crossing. The other automobile did not obstruct the passage of the car. Wells Street is about 47 feet from curb to curb. East of Wells Street, Roosevelt Road is about 86 feet from curb to curb. West of Wells Street, it is somewhat narrower. The car tracks continue west on Roosevelt Road over a bridge that crosses the Chicago River, which is 30 to 40 feet west of Wells Street, and about 250 to 300 feet long. East of Wells Street, the distance between the north curb of Roosevelt Road and the westbound car track is about 40 feet.

After the street car stopped the conductor and motorman walked forward and assisted in pushing the stalled automobile from the westbound street-car track to some 5 feet north of it where it did not interfere with the passage of the street car. However, at the request of those in charge of the automobiles, and as the evidence tends to show, solely for their convenience, the conductor and motorman assisted in pushing the automobile, that had been so removed from the track, from that point to a point some 175 to 200 feet farther west on said bridge, where, while they were continuing to push the automobile, defendant's truck, proceeding westward, struck plaintiff, causing the injury complained of.

There was also evidence tending to show that no vehicles blocked the intersection or were parked along the curbs of the two streets in that vicinity; that there was plenty of room in that vicinity for the disposition of the automobiles where they would not impede progress of the street car on its route or street traffic, without any necessity of pushing either of them on or across said bridge; and that the services plaintiff so rendered were entirely gratuitous and were not necessary to the continued movement of the street car or for the benefit of his employer.

Such evidence, therefore, tended to show that plaintiff when injured was not acting within the scope of any duty he was bound to perform to protect the interest of his employer, and hence presented as a question of fact for the jury to determine, and not for the trial judge, whether or not the accident in question arose out of and in the course of plaintiff's employment.

It is an established rule in this State that where an employee incurs a danger by his own choosing, outside of the reasonable requirements of his employment, the risk arising from such act cannot be said to be incident to his employment (*St. Louis & O'Fallon Coal Co. v. Industrial Com.*, 325 Ill. 574); and the cases are numerous, and need not be cited, holding that the industrial commission cannot award compensation under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.*, to one injured while acting as a volunteer in performing an act not incidental to his employment nor in pursuance of any interest of his employer.

While no decision in this State has been cited to the point, we think that though an employee would thus be deprived of right to compensation under said act he would not be deprived of his common-law right of action. It was so held in *Cox v. United States Coal & Coke Co.*, 80 W. Va. 295, L. R. A. 1918B 1118.

It appears from the evidence that plaintiff had accepted compensation for his injuries from his employer, and it is urged that this amounted to an admission of his right to recover from his employer under the Workmen's Compensation Act, Cahill's St. ch. 48, ¶ 201 *et seq.* The real test is whether or not the act being performed at the time of receiving injury was one coming within the scope of his employment. Whether he received such payments from his employer was no concern of defendant (*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, 262, 263), nor did the mere ac-

ceptance of them, in our opinion, constitute an election of remedies.

In the view we have taken of the case it is unnecessary to pass on other alleged errors relating to rulings upon evidence.

For error in giving such peremptory instruction the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

GRIDLEY, P. J., and SCANLAN, J., concur.