(No. 22205.—

The Mt. Olive and Staunton Coal Company, Defendant in Error, *vs.* The Industrial Commission *et al.*— (John Sitko, Plaintiff in Error.)

*Opinion filed February 23, 1934.*

George W. Dowell, Leal W. Reese, and David W. Johnston, for plaintiff in error.

MacDonald & Morgan, for defendant in error.

Mr. Justice Jones delivered the opinion of the court:

The circuit court of Macoupin county set aside an award of the Industrial Commission in favor of plaintiff in error, John Sitko, on account of injuries received by him while in the employ of defendant in error, the Mt. Olive and Staunton Coal Company. The cause is before us on writ of error.

Sitko was in the employ of the coal company as a sulphur picker. His employment required him to stand alongside a boom and pick sulphur and other impurities from coal as it came out of the mine chutes and was loaded into railroad cars. The mine tipple is located at Williamson,

in Macoupin county, adjacent to the main line and switches of the Litchfield and Madison Railway, which supplies transportation for coal mines in the vicinity. Across the tracks from the tipple is a small building or shed in which the sulphur pickers were accustomed to store their lunch pails and daily eat their lunches. On the day of the accident Sitko and a number of other sulphur pickers ate their lunches in the shed. The mine whistle blew and they started back to the tipple to resume work. Just as they were returning, a train of forty-eight empty cars was pushed in on the main tracks and up an incline, from which the cars could run by gravity down a switch to the mine. The train stopped and thereby blocked free passage across the tracks to the tipple. Sitko and other employees, in order to get to their place of work, climbed over the coupling apparatus between the cars. When the engine stopped, the momentum of the cars took up the slack between them. This was followed by a rebound on account of the downgrade. On the rebound Sitko's foot was caught and crushed between the heel of a draw-bar and the deadwood of one of the cars. In order to release him the engine was moved forward, taking out the slack between the cars. Sitko testified that the cars were standing still when he and the others boarded them; that the top-boss not only knew they crossed the tracks daily in going to and from the lunch shed but had seen them do it; that several times previously they had crossed between the cars; that he was instructed about his work by the mine superintendent but was not told he should not go over the railroad tracks, and there were no warning signs or notices. Trains usually made two trips over the main track with empty cars at about the same hour each day. The conductor of the train testified that the boys got onto the train while the cars were moving from the rebound; that he had frequently seen them go between the cars, and that sometimes they waited until the train made its movements and sometimes they did not.

There is no testimony to show whether or not any of the mine officials knew the boys were accustomed to cross between the cars of a train. At the time of the accident Sitko was twenty-one years old and had been in the employ of the coal company for about one month.

It is contended that Sitko in climbing through the train chose to put himself in a dangerous place where his employment did not necessarily carry him, and thereby incurred a danger of his own choosing altogether outside any reasonable requirement of his employment and accepted a risk which was not an incident of his employment. The determination of whether or not an injury arises out of the employment is frequently a most difficult problem. It is apparent that each case must depend upon its own facts and cannot be solved by any set rule or formula. (*Dietzen Co.* v. *Industrial Board,* 279 Ill. 11.) It is a general rule that the accident which caused the injury must have resulted from a risk belonging to or connected with what a workman had to do in fulfilling his contract of service, and the employer is not liable where the employee voluntarily exposed himself to a danger which was not one arising from his employment. (*United Disposal Co.* v. *Industrial Com.* 291 Ill. 480.) This rule is not to be extended so as to deprive an employee of the right to compensation merely because he accepts an unnecessary risk or danger. To do so would be to defeat the purpose which motivated the legislature in enacting the Workmen's Compensation law. One of the objectives of the law was to do away with the defenses of contributory negligence, assumed risk and the fellow-servant rule.

The cases cited by the defendant in error have given sanction to the above rule, but the denials of an award of compensation were based on facts unlike those involved in this proceeding. Thus, in *Terminal Railroad Ass'n* v. *Industrial Com.* 309 Ill. 203, the employee chose to go to his place of work by a different and more dangerous route

than the one provided by his employer. The conduct of the employees in *St. Louis and O'Fallon Coal Co.* v. *Industrial Com.* 325 Ill. 574, and *Dambold* v. *Industrial Com.* 323 id. 377, shows a similar disregard of duty, and the court held in each of those cases that there was no causal relation between the employment and the accident. The employee in *Dietzen Co.* v. *Industrial Board, supra,* undertook to perform work which was not a part of his duties and accepted a risk belonging to another. In *Lumaghi Coal Co.* v. *Industrial Com.* 318 Ill. 151, the employee was injured through willful disobedience of an order not to use an electric mine motor. He incurred a danger of his own choosing wholly outside of any reasonable exercise of his employment. Similar facts are to be found in *Nelson Construction Co.* v. *Industrial Com.* 286 Ill. 632.

In contrast with the facts in the cases just referred to, are those in *Schweiss* v. *Industrial Com.* 292 Ill. 90, *Wabash Railway Co.* v. *Industrial Com.* 294 id. 119, *Western Coal Co.* v. *Industrial Com.* 296 id. 408, and *Mueller Construction Co.* v. *Industrial Board,* 283 id. 148. It was shown in each case that the employee was injured while enroute to or from his work by a customary or permitted route, and the award was approved. A like judgment was entered in *Humphrey* v. *Industrial Com.* 285 Ill. 372, where the employee was accidentally killed during lunch hour in an elevator which he was permitted to use.

There is a marked distinction between recklessly or negligently doing a thing which a workman is employed to do or which is an incident thereto, and the doing of a thing altogether outside of and unconnected with what he is employed to do. In the first instance the injury arises out of and in the course of the employment, while in the other it does not. If an employee is injured at a place where he reasonably may be and while he is engaged in doing something incidental to his employment the injury arises in the course of his employment. (*Union Starch*

*Co.* v. *Industrial Com.* 344 Ill. 77.) In *Dietzen Co.* v. *Industrial Board, supra,* and in *Randall Co.* v. *Industrial Com.* 305 Ill. 558, we said that courts are not inclined to be too severe where workmen are injured while attempting to further the master's business, even though the attempt is in a line somewhat outside the precise scope of the employment. In the case at bar the employer located the shed provided for the employees across the railroad tracks from their place of employment. The managers of the mine knew that trains bringing cars to the mine ordinarily arrived about the lunch hour and that it was necessary for the employees to cross the tracks in going to and from their lunch. The trips were necessary incidents to their employment. The purpose of blowing the mine whistle was to recall the employees to work. If they waited until the train finished its switching operations they would have been late to their work. They were accustomed to cross the tracks at the lunch hour and frequently climbed through the cars. When Sitko climbed upon the train it was not moving, and from his experience and habit of climbing through a standing train it was not unreasonable for him to think he could do it without endangering himself or increasing the hazard of his employment. His accident was occasioned not so much by the fact that he was on the train between the cars as by the fact that he misplaced his foot. His negligence, if any, occurred while he was on his accustomed way to work in obedience to a summons from the work whistle. The accident arose out of and in the course of his employment.

The judgment of the circuit court is reversed and the award of the Industrial Commission is confirmed by this court.

*Judgment reversed and award confirmed.*