(No. 22658.—

THE WABASH RAILWAY COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(OMAR E. CRIPE, Defendant in Error.)

*Opinion filed April 12, 1935.*

LeForgee, Samuels & Miller, (A. L. Freemon, of counsel,) for plaintiff in error.

Charles M. Borchers, and Lawrence C. Wheat, for defendant in error.

Mr. Chief Justice Jones delivered the opinion of the court:

An award for compensation to Omar E. Cripe under the Workmen's Compensation act was fixed by the arbitrator and confirmed by the Industrial Commission and also by the circuit court of Macon county. The cause is before this court on writ of error.

Cripe was an employee of the Wabash Railway Company at Decatur as a car repairer. On the day of his injury, March 21, 1932, he and about twenty other workmen were engaged in repairing and dismantling cars in the yards of the railway company. There were a series of tracks running east and west. Tracks Nos. 1, 2, 3, 4, 5 and 6 were known as repair tracks. No. 1 was the northernmost track. A number of tracks were south of track No. 6 and

were used for other purposes. It appears from the record that there was a company rule which forbade strings of cars on the repair tracks from being moved except on "call" or previous notice, so as to prevent injury to workmen. Cripe and a number of other men were engaged in repairing floors on hopper coal cars located on track No. 4. It had rained several times that day, and on one occasion during the morning Cripe and certain other employees had taken refuge in a small shed somewhere north and east of the place where they were at work. The location of this building is not definitely disclosed. In the afternoon a hard rain came, which caused all of the men who were employed at said work to seek shelter. Some of them went into box-cars located on other tracks. Cripe and two of his associates found shelter under a car on track No. 5, as the hopper cars on track No. 4 were of such shape they afforded little protection from the rain. While Cripe and his fellow-workmen were under the car an engine came on track No. 5 and moved the string of cars thereon. Cripe received the injuries for which the award of compensation was made.

Counsel for the railway company state in their briefs that the facts are not controverted and that a decision of this case therefore rests upon a question of law. It is contended that the uncontroverted evidence shows that the employee's injury did not arise out of and in the course of his employment. It is claimed that there is such similarity of facts between those in this case and those in *Vincennes Bridge Co.* v. *Industrial Com.* 351 Ill. 444, that the decision in the latter case must control the decision in the case at bar. In the cited case the workman was employed in the construction of a bridge across the Wabash river. He was a mixer of concrete and had become wet and cold. When the crew quit work at noon for their lunch he took his bucket and went to a small engine room and attempted to climb into a position on the engine. In doing so he put

his foot on the fly-wheel and started the engine. He was injured and was awarded compensation. This court set aside the award because his injuries did not arise out of and in the course of his employment. We held that where an employee chooses to go to a dangerous place where his employment does not carry him, and thereby incurs a danger of his own choosing altogether outside of any reasonable requirement of his employment, such risk is not an incident to the employment. We cited numerous cases in support of that doctrine, and it is not necessary to again review them or to review cases which are predicated upon them, for the rule of law announced in them is firmly established. The facts in this case, however, are clearly distinguishable from those in the *Vincennes Bridge Co. case.* There is an obvious distinction between a case where an employee of his own volition unnecessarily places himself in a position of danger, and a case where an employee, by reason of sudden exigencies or in the reasonable protection of his comfort and health, is forced into a place of danger or takes refuge in a place which he has just ground to believe is a place of safety. An employee, while engaged in the work of his employer, may do those things which are reasonably necessary to his own health and comfort and such acts will be considered incidental to his employment. *Porter* v. *Industrial Com.* 352 Ill. 392; *Steel Sales Corp.* v. *Industrial Com.* 293 id. 435.

Counsel for the railway company admit that "it was entirely proper for workmen employed in repairing cars to retire from work and seek shelter during a rain," but they say that the employee should have either gone to the shed where he had been in the morning or taken refuge in a box-car, and in all events he should not have sought shelter under a car. As we have said, the record does not show how far away the shed was from the place where the employee was working when the particular downpour of rain came, but wherever it was, he could not have reached

it without going through or under strings of cars on tracks Nos. 1, 2 and 3, nor could he have reached the box-cars which were on the tracks south of No. 4 without going through or under the cars on those tracks. Under the undisputed facts he had a right to assume that no car on any of the repair tracks would be moved without previous notice to the men who were at work about them. It cannot be the rule that one who has sought shelter during a hard rain which has made it impossible or impracticable for him to continue his labor is no longer engaged in his employment or that he thereby assumes a risk not incidental to his employment. If he has good reason to believe that the shelter which he seeks is a reasonably safe one, then he does not unnecessarily expose himself to a danger of his own choosing and one altogether outside any reasonable exercise of his employment.

It is conceded that the employee had no notice that the cars upon the repair tracks were about to be moved. He was .justified in believing that in his place of refuge from the rain he was reasonably secure from danger. Cases such as *Weiss Paper Mill Co. v. Industrial Com.* 293. Ill. 284, have no application to this case because they are predicated upon conduct in violation of known rules and upon the complete withdrawal of the workman from his course of employment. If an employee is injured at a place where he reasonably may be while he is engaged in doing something incidental to his employment, the injury occurs in the course of his employment even though he may not be actually at work. (*Mt. Olive Coal Co. v. Industrial Com.* 355 Ill. 222.) In seeking shelter where he did Cripe did not voluntarily incur a risk not incident to his employment or unnecessarily expose himself to a danger outside its reasonable exercise or withdraw himself from the course of his employment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*