Ruth Will (Mueller), Appellee, v. 1527–31 Wicker Park Avenue Building Corporation et al., Defendants. Elm Park Hotel Company, Appellant.

Gen. No. 43,056.

Opinion filed December 11, 1944.   Released for publication December 27, 1944.

HINSHAW & CULBERTSON, of Chicago, for appellant; OSWELL G. TREADWAY, of Chicago, of counsel.

HY SMOLLER·and MARION J. HANNIGAN, both of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal is by defendant Elm Park Hotel Company from a judgment in the sum of $17,500 entered upon the verdict of a jury after defendants' motions

for a new trial and for judgment notwithstanding the verdict had been denied. The suit was for personal injuries. The defendants were the 1527-31 Wicker Park Avenue Building Corporation, the Elm Park Hotel Company and the American Fork & Hoe Company.

The suit grew out of an occurrence which took place on May 5, 1941. Suit was begun October 7, 1941. The gist of the complaint was that plaintiff was at that time in a coffee shop, comprising a portion of the hotel premises, as an invited guest of Elm Park Hotel corporation and that, it through its agents and servants, was in the act of repairing the floor in and about the premises (the servant using a hatchet manufactured and sold by the defendant American Fork & Hoe Company) when a portion of the hatchet chipped off, striking plaintiff and causing serious and permanent injury. The negligence of the defendant hotel company was alleged to be in the improper use of the hatchet and particularly in doing the repair work in a negligent way, in that it failed to properly guard the place in which the work was done; that it carelessly and negligently failed to provide sufficient safeguards for persons rightfully on the premises. As to the defendant American Fork & Hoe Company the charge was that it negligently manufactured the hatchet and sold it negligently in the course of its business to be used by the public; that it carelessly and negligently failed to properly inspect or test the hatchet or properly temper the steel while manufacturing it, and carelessly and negligently allowed and permitted the hatchet to be sold in a dangerous and defective condition; that while the plaintiff was upon the premises, as a result of this negligence she was struck by a piece of steel.

The Wicker Park corporation answered it did not own the building or the hotel, and it and the hotel company denied plaintiff was a resident guest in the hotel at the time of the alleged occurrence but averred

that she was in the course of her employment in a portion of the premises leased to her employer, Julia Orszulak; that she was not in the exercise of due care; that the defendants were not negligent. For a special defense they averred the accident and occurrence narrated in the complaint arose out of and in the course of the employment of the plaintiff by Julia Orszulak, who at that time was working under and bound by the Workmen's Compensation Act of the State of Illinois; that the defendants were also working under and bound by the terms of the Workmen's Compensation Act, and that by virtue of section 29 of that Act, all rights, if any, in the plaintiff on account of the occurrence were subrogated to her employer, and that plaintiff therefore had no right of action against the defendants.

At the close of the evidence the cause was dismissed as to the defendant Building company and was submitted to the jury as to the American Fork & Hoe Company and the Elm Park Hotel Company. There was a verdict for defendant American Fork & Hoe Company and a verdict of guilty against the hotel company with damages assessed at $25,000. Judgment was entered on the verdict in favor of the American Fork & Hoe Company. There was a motion of the hotel company for a new trial and for judgment notwithstanding the verdict. These were overruled upon plaintiff remitting $7,500, and judgment was entered in favor of plaintiff against that defendant for $17,500. From that judgment this appeal is taken.

The first contention is that plaintiff and defendant were at the time of the injury subject to the terms and provisions of the Workmen's Compensation Act, and that the only remedy of plaintiff is for compensation under it rather than in an action at law for damages. Ill. Rev. Stat. 1943, ch. 48, pars. 143, 166, §§ 6, 29 [Jones Ill. Stats. Ann. 143.21, 143.44].

The hotel building was four stories high and contained about 115 rooms. It was on the north side of

Wicker Park avenue and faced south. The avenue extended southeast and northwest. In the southeast corner of the building on the first floor was a restaurant operated by Julia Orszulak. It was about 24 feet wide and 27 feet long. Back of this was a washroom and to the rear of that a kitchen, separated by swinging doors. A lunch counter ran along the west side of the lunchroom, its north end extending to within 24 inches of the washroom wall. The space provided a passageway to and from behind the counter. Four small tables for the use of patrons stood along the east wall. Back of these was a larger service table.

Plaintiff resided in the hotel. She was employed by Miss Orszulak, who owned and operated the restaurant. Her compensation was $8 per week, including meals and tips such as she might receive. The floor of the kitchen had become out of repair and the hotel company, lessor of Miss Orszulak's restaurant, undertook the repair. Its maintenance man, Mr. Starlin, was directed to do this work. He undertook to do so on Monday, May 5, 1941. Starlin says he went to the restaurant at about 8:30 or 9:30 o'clock of the morning of that day and Miss Orszulak was ready for him to start. A little later he returned with his tools and began work in the kitchen, which he soon finished, then began work on the floor back of the counter at the north end of the room. At that time he saw the plaintiff sitting at the service table, drinking a cup of coffee and smoking a cigarette. She was seated about 12 or 15 feet from where he was to work. He intended to take up a part of the floor, about 12 inches wide and 4 feet long. As he worked, Miss Orszulak and Mrs. Starlin, the wife of the worker, stood by watching the work and engaging in conversation. The manner of doing the work was by placing the sharp edge of a hatchet on the floor and striking the hatchet with a hammer. When the hammer hit the hatchet a spark flew up. Plaintiff felt a pain in the instep of her right

foot, near the ankle joint, and noticed blood coming from the wound. Mercurochrome was applied. She went to her room, later saw a doctor, had an X-ray made of the injury and was afterwards taken to the hospital, where a chip of steel was removed from the wound. The incision healed without evidence of infection, although other trouble developed later. A few days afterwards plaintiff felt a numbness on the outside of her right heel and a pink spot appeared on it. This spot did not yield to treatment and gradually grew worse.

Dr. Smith examined plaintiff May 14, 1941, and on May 23 she was sent to the Walther Memorial Hospital where she was under his care until June 3 of that year. The condition of the heel was diagnosed by Dr. Smith as a skin infection, ringworm dermatitis. She left the hospital and returned to her own physician for further treatment. He called a dermatologist. Several different types of treatment were administered without bringing relief. The area became a large open sore about 4 inches long and 2 inches wide. In August she went to the Cook County Hospital. Her limb became swollen from the ankle to the thigh. She remained there until October 1, 1942. A cast was placed on her limb and was removed some two weeks later. At the time of the trial she had a large open ulcer on the side of her injured foot.

The above facts are practically uncontroverted. The controlling question, as it appears to this court, is whether the remedy of plaintiff is by action at law or under the Compensation Act. We have concluded that it is under the statute by which the action at law is precluded.

To avoid that result plaintiff undertook to show that she was not working at the time she was injured and that her injury did not arise out of and in the course of her employment. The evidence in our opinion does not sustain this contention. Unquestionably she was

employed by Miss Orszulak to work in the restaurant.
Her wages were $8 per week with meals provided for
her, and she was allowed to retain tips given to her by
patrons. On the morning of the day she was injured
she went to the restaurant at about 6:30 and opened up
the place for business. She served breakfast to the
patrons. Her employer arrived later, went to the
kitchen to work while plaintiff waited on the trade,
typed the menu and got things ready for the day. On
the trial plaintiff said she was taking a cup of coffee
and smoking a cigarette when she was injured. When
her deposition was taken prior to the trial she said she
was ''eating'' at the time of the occurrence. By the
terms of her employment she had the right to eat her
meals on the employer's premises. This was a part of
her compensation. The evidence indicates that was
what she was doing. When one works under such a
contract and under such circumstances is injured there
is a wealth of authority holding that the employee is
in the course of his employment and that where the in-
jury comes about by reason of the business in which
the claimant is employed it arises therefrom within the
meaning of the Compensation Act. *Humphrey v. Indus-
trial Commission,* 285 Ill. 372; *H. W. Nelson R. Const.
Co. v. Industrial Commission,* 286 Ill. 632; *Rainford v.
Chicago City Ry. Co.,* 289 Ill. 427; *Mt. Olive & Staunton
Coal Co. v. Industrial Commission,* 355 Ill. 222.

Plaintiff testified and gave other evidence tending to
show she typed a sign ''Closed for repairs'' and placed
it on the front door of the restaurant before she went
to her room, prior to the occurrence. The time when
she went to her room is quite uncertain from her testi-
mony. When cross-examined she said that she went
to her room at about 10 o'clock and stayed there about
20 minutes. She afterwards thought it was nearer 12
o'clock when she went to her room. She also fixed the
time when Starlin got into the restaurant at about

11:30. Starlin also says the restaurant was closed; that he saw a small piece of paper on the front door but did not see what was on it, in this respect contradicting the testimony given in his deposition before the case came on for trial. Miss Orszulak gave similar testimony, but it appeared she stated at other times that the restaurant was closed after plaintiff's injury. It has, however, been held in similar cases that whether the place of business is temporarily closed is immaterial. *Humphrey v. Industrial Commission,* 285 Ill. 372.

It was also contended by plaintiff on the trial that she was not paid for her work on the day she was injured. In view of the fact she opened the restaurant in the morning of that day and served customers and did other necessary work, it is clear if she did not collect her employer owes her wages. The rights of an employee under the Compensation Act cannot be destroyed by the employer failing to pay for work done.

Plaintiff attempted to show that the Act was not applicable because she was not actually working at the time or had supposedly finished her work for the day. The proof does not show that she had completed her duties or even that she was not on duty at the time she was injured. Her hours were irregular and it does not appear there was any definite time when she was off work during the day. Her testimony is that she usually left at noon, but if her employer was busy at that time she would go at 1:00 o'clock or 2 o'clock, or even stay until 5:00 o'clock. Even then she went down to see if her employer was busy. We agree with the statement of the attorney for defendant. "The most that can be said from her proof is that at the time of the occurrence she was not actually at work, but was seated at a table having a cup of coffee." It is well-settled law that in order to be subject to the provisions of the Workmen's Compensation Act it is not necessary the employee shall be actually at work at the time

of his injury. In *Wabash Ry. Co. v. Industrial Commission,* 360 Ill. 92, the Supreme Court said:

"If an employee is injured at a place where he reasonably may be while he is engaged, in doing something incidental to his employment, the injury occurs in the course of his employment, even though he may not be actually at work."

To the same effect are *Indian Hill Club v. Industrial Commission,* 309 Ill. 271; *Crane Co. v. Industrial Commission,* 306 Ill. 56; *Pekin Cooperage Co. v. Industrial Board,* 277 Ill. 53; *Porter v. Industrial Commission,* 352 Ill. 392; *Pressed Steel Car Co. v. Industrial Commission,* 340 Ill. 68; *Ervin v. Industrial Commission,* 364 Ill. 56; *Steel Sales Corp. v. Industrial Commission,* 293 Ill. 435; *J. E. Porter Co. v. Industrial Commission,* 301 Ill. 76. It must therefore be held plaintiff did not sustain the allegation of her complaint that she was in the restaurant at the time of her injury "as an invited guest," but on the contrary that she was working under and bound by the terms of the Workmen's Compensation Act and that her injury arose in the course of her employment. This is the provision of the statute. Ill. Rev. Stat. 1943, ch. 48, pars. 143, 166 [Jones Ill. Stats. Ann. 143.21, 143.44], and the result of cases construing the same: *Thornton v. Herman,* 380 Ill. 341, 344; *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, 255; *Wilson Garment Mfg. Co., Inc. v. Edmonds,* 312 Ill. App. 317, 322; *Craig v. Boudouris,* 241 Ill. App. 392, 396.

Plaintiff says at any rate there was an issue of fact for the jury on this point; that the jury found in her favor and the trial judge approved the verdict in this respect. Here, the facts are not in dispute and their legal effect becomes a matter of law. *Kensington Steel Corp. v. Industrial Commission,* 385 Ill. 504, 509.

The trial judge, at the time of overruling the motion for a new trial, gave a written opinion giving reasons

and citing authorities which, he claimed, held that even if plaintiff's injury was sustained in the course of her employment it was not a hazard of the employment. The trial judge cited *Klug v. Industrial Commission,* 381 Ill. 608; *Sure Pure Ice Co. v. Industrial Commission,* 320 Ill. 332; *W. A. Jones Foundry & Machine Co. v. Industrial Commission,* 312 Ill. 27. It would unduly extend this opinion to distinguish these and others from the instant case.

In *Gross v. Cuneo Press, Inc.,* 251 Ill. App. 560, plaintiff volunteered to perform an act not incidental to her employment. In *Rehula v. Bessert,* 322 Ill. App. 146, it was held plaintiff did not release a common-law right of action by making an application for compensation for the same injury. In *Kensington Steel Corp. v. Industrial Commission,* 385 Ill. 504, 509, it was held the claimant could not recover for an injury received while repairing a machine it was not any part of his duties to repair. In *Olson Drilling Co. v. Industrial Commission,* 386 Ill. 402, 410, an employee, who, after completing his day's work, was driving the auto of his son home, delivering reports to the employer's office, colliding with another auto driven by a different person was injured, and held to be entitled to recover compensation. In *Mazursky v. Industrial Commission,* 364 Ill. 445, an employee was injured while repairing one of his own tires in his employer's garage and was held not entitled to recover. The right to repair the tire was not any part of the employee's compensation. In *Boorde v. Industrial Commission,* 310 Ill. 62, an employee, during the rest period, left the employer's premises, entered the elevator, ran it up to the fifth floor, seated herself on a window and fell down the elevator shaft. It was held the she could not recover. In *Weis Paper Mill Co. v. Industrial Commission,* 293 Ill. 284, an employee, during the rest period, laid down on the railroad tracks in the shade of a boxcar, went to sleep and while sleeping the car was moved and cut

off his legs. It was held he could not recover. In the *Weis* case the Supreme Court said:

"It is not the rule that all accidents which happen during the leisure period of an employee in attendance on personal comforts or necessities are held not to arise out of the employment, for if an accident happens at such time there would be no break in the employment even though the employee is paid for the time he is actually at work, especially when the accident occurs on the employer's premises or about his property, unless the workman is doing something wholly foreign to his employment. Acts of ministration to himself, such as quenching his thirst, relieving his hunger, protecting himself from excessive cold, the performance of which while at work are reasonably necessary to his health and comfort, are incidental to his employment."

The burden of proof on this issue was on the plaintiff. *Stevens v. Illinois Cent. R. Co.*, 306 Ill. 370. She did not in our opinion sustain it by competent evidence. We hold that the motion for a directed verdict should have been granted. Our conclusion on this point is controlling, and for that reason the judgment in favor of plaintiff will be reversed without remanding.

*Reversed.*

NIEMEYER, P. J., and O'CONNOR, J., concur.