Margaret Rehula, Administratrix of Estate of Joseph Rehula, Deceased, Appellant, v. Charles Bessert and Frances Taylor, Trading as Taylor Trucking Company, Appellees.

Gen. No. 42,908.

Heard in the first division of this court for the first district at the December term, 1943. Opinion filed April 3, 1944.

LOUIS A. MARCH and BRODY & ZIMMERMANN, all of Chicago, for appellant; ROBERT L. BRODY, of Chicago, of counsel.

DONALD M. ROCHE, of Chicago, for appellees.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff, administratrix of the estate of her deceased husband, appeals from a judgment dismissing without costs her action for the wrongful death of decedent. The order of dismissal was entered on defendants' motion, on the ground that plaintiff's cause of action had been released and transferred to decedent's employer, J. Greenbaum Tanning Company, by plaintiff's acceptance of compensation benefits in the sum of $1,750.

Plaintiff filed a complaint alleging that her intestate, while in the exercise of due care for his safety, sustained injuries resulting in his immediate death through the careless and negligent handling of a truck owned by defendant Frances Taylor and operated by defendant Bessert as her agent. Defendants filed a joint answer in which they alleged that decedent, his employer and the defendants were all operating under

and subject to the Workmen's Compensation Act, and that by reason of that fact and that decedent's death resulted from an accident arising out of and in the course of his employment, the administratrix has no cause of action; by leave of court this answer was withdrawn and a motion to dismiss entered; defendants filed in support of the motion duly certified copies of the records of the Industrial Commission showing that the tanning company and defendant Taylor were insured against liability under the Workmen's Compensation Act at the time of the accident; that plaintiff as widow of decedent had filed an application for adjustment of compensation, alleging that decedent sustained an injury arising out of and in the course of his employment by the tanning company; that the arbitrator had awarded compensation totaling $4,000, payable over a period of 314 weeks; that pending review of the award before the Industrial Commission plaintiff's application was dismissed on motion of the tanning company, setting up a settlement contract approved by the Industrial Commission reciting the payment of $1,750 in a lump sum "in full, complete and final settlement and release of any and all liability under the Workmen's Compensation Act on account of the death of said Joseph Rehula (decedent)," and further reciting that the tanning company denies liability and denies that the accidental injury arose out of the employment of decedent, and that the tanning company paid the $1,750 with the understanding that it is not an admission of any liability on its part, but that the payment is made solely to avoid litigation; that plaintiff receipted for the $1,750, as per the settlement contract approved by the Industrial Commission, in full settlement of compensation under the provisions of the Illinois Workmen's Compensation Act for injuries received by the employee because of an accident while in the employ of the employer. No evidence was heard. The motion was determined solely

upon matters presented by the record of the Industrial Commission.

Plaintiff admits that all the parties were under the Workmen's Compensation Act but insists that the act has no application unless the accident resulting in decedent's death arose out of and in the course of his employment, and that this is a question to be decided on the trial before the court and jury and not upon a motion. Defendants contend that decedent was killed in an accident arising out of and in the course of his employment by the tanning company, and that plaintiff, having elected to accept compensation benefits under the award and settlement, has released her claim and cannot maintain the present action.

The Workmen's Compensation Act provides compensation only for injuries resulting from accidents arising out of and in the course of employment. *Edmonds v. Industrial Commission,* 350 Ill. 197. It therefore follows that if the injuries resulting in decedent's death did not arise in the course of employment the Workmen's Compensation Act has no application to plaintiff's claim against defendants. If decedent's death resulted from an accident arising out of and in the course of his employment, the act controls—all parties being bound by it—and plaintiff has no right of action against defendants. *O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244, 255, 256; *Thornton v. Herman,* 380 Ill. 341. This is true whether plaintiff accepts or refuses benefits under the act. No right of election is given to an injured employee to proceed under the act against an employer or bring an action at law against a third person whose negligence caused the injury. In this respect the Illinois act is different from that of Michigan, which controlled the rights of the parties in *Biddy v. Blue Bird Air Service,* 374 Ill. 506, cited by defendants. Under our act the employee must proceed under the compensation act unless the third person is not bound by the act. If the third person is outside

the act the employee is not put to an election between compensation under the act and damages at law for negligence. He may prosecute both remedies at the same time. *O'Brien v. Chicago City Ry. Co., supra,* and *Gones v. Fisher,* 286 Ill. 606, 612. If there is no duty to elect when the negligent person is outside the compensation act, there is no reason for an election when the accident is outside the act. Many cases may arise where a claimant may be uncertain whether his right is under the compensation act or under the common law. In the present case plaintiff had received an award totaling $4,000; the employer was contesting the award and insisting that the accident had not arisen out of and in the course of decedent's employment. Acceptance of less than one half the total award of a compromise settlement is some evidence of uncertainty as to plaintiff's remedy and the party ultimately liable. If, as defendants claim, this may result in a plaintiff sometimes receiving double compensation, the defendants, if guilty of negligence, cannot complain. As said in the *O'Brien* case (262, 263): ''No injustice is done to a person negligently injuring another in requiring him to pay the full amount of damages for which he is legally liable without deduction for compensation which the injured person may receive from another source which has no connection with the negligence, whether that source is a claim for compensation against his employer, a policy of insurance against accidents, a life insurance policy, a benefit from a fraternal organization or a gift from a friend.'' *Gross v. Cuneo Press, Inc.,* 251 Ill. App. 560, presents a situation strikingly similar to the present case. There the plaintiff, an employee of the Chicago Surface Lines, brought an action to recover for injuries sustained through the alleged negligence of defendant; defendant filed a plea alleging that at the time of the injury plaintiff was in the employ of the surface lines; that the surface lines, defendant and its agents were work-

ing under the Workmen's Compensation Act and that the accident arose out of and in the course of plaintiff's employment; a replication was filed. The trial court directed a verdict for defendant, holding that as a matter of law the injury arose out of and in the course of plaintiff's employment. The evidence showed that plaintiff, a streetcar conductor, left his car to assist in pushing a stalled automobile from the tracks to a point where it did not interfere with the passage of the streetcar; those in charge of the automobile, for their own convenience, requested plaintiff and the motorman to assist in moving the automobile to a point 175 or 200 feet west; while so engaged plaintiff was struck by defendant's truck. The reviewing court held that this evidence tended to show plaintiff, when injured, was not acting within the scope of his duty to his employer, and therefore presented a question of fact for the jury to determine, and not the trial court. In speaking of the defense raised by the plea that the parties were under the compensation act, the court said (563, 564): "It appears from the evidence that plaintiff had accepted compensation for his injuries from his employer, and it is urged that this amounted to an admission of his right to recover from his employer under the Workmen's Compensation Act, Cahill's St. ch. 48, par. 201 et seq. The real test is whether or not the act being performed at the time of receiving injury was one coming within the scope of his employment. Whether he received such payments from his employer was no concern of defendant (*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, 262, 263), nor did the mere acceptance of them, in our opinion, constitute an election of remedies." In *Anderson v. Chicago, B. & Q. R. Co.*, 250 Ill. App. 92, a similar defense was made to plaintiff's action for personal injuries. The evidence showed that plaintiff received compensation from his employer and signed receipts reciting that payments were for compensation

under the act. The reviewing court held that the injuries were not sustained in an accident arising out of and in the course of plaintiff's employment, and said (96, 97): ''The Compensation Act governs where the employee's injury or death is the result of an occurrence, 'for which compensation is payable by the employer.' (*Keeran v. Peoria, Bloomington & Champaign Traction Co.,* 277 Ill. 413, 414.) Compensation is payable by the employer only when the injury or death arose out of and in the course of the employment. If the injury did not so arise, then the provisions of section 29 of the act are not applicable. (*Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co.,* 218 Ill. App. 345.) Whether Sampo's injuries arose out of and in the course of his employment, and not whether he made application for compensation, is the important factor to be determined. It was said in the *Foreman Bros.* case, *supra,* that 'the situation is not changed by reason of the fact that Cahill actually received some payments from his employer, in the form of compensation under the act. The act applies only when compensation is *legally payable* for the injury in question. The fact that it may actually be paid cannot affect the question of whether the circumstances of the injury are such as to bring it within the terms of the act.' We think this doctrine is sound and is within the letter and spirit of the act.''

Defendants rely on *Wilson Garment Mfg. Co. v. Edmonds,* 312 Ill. App. 317. In that case Sirota, an employee of the Wilson company, was injured through the negligence of defendants' servant while descending in an elevator from the portion of defendants' building occupied by his employer; he made a claim against the owners of the building and effected a settlement for $350, releasing them from all liability; he then made a claim against his employers under the compensation act and settled this claim for $350, under a settlement agreement approved by the In-

dustrial Commission reciting denial by the Wilson company that Sirota's injuries arose out of and in the course of his employment and that, to avoid prolonged litigation the Wilson company agreed to pay $350 in full settlement of any and all claims; the Wilson company then brought suit against defendants under section 29 of the Workmen's Compensation Act to recover the amount it had paid Sirota. The court held that a principal factor necessary to bring the parties within the act is the requirement that the employee must have been injured in the course of his employment, and that it appeared in the settlement agreement before the Industrial Commission that the Wilson company took the position that Sirota's injuries did not arise out of and in the course of his employment, but that the question must be resolved from the admitted facts pertaining to Sirota's injuries and the decisions of our courts construing the act. Judgment for the employer was affirmed. The court said (326): "We are therefore of opinion that, regardless of the provisions of the settlement agreement, the facts clearly indicate that the injuries to Sirota arose out of and in the course of his employment and that he was entitled to claim compensation therefor. The fact that it was a disputed claim does not alter the facts disclosed by the record; nor is it of controlling importance that the parties settled the disputed claim for the purpose of avoiding litigation. In all the decisions that we have had occasion to examine, the courts considered the facts and circumstances in each case to determine whether the injury was compensable under the act. . . ."

In that case the Wilson company was permitted to show that the accident did arise out of and in the course of Sirota's employment, notwithstanding its position in the settlement agreement that the accident did not so arise and that the payment made by it was to avoid litigation. So, in the present case, plaintiff

should be permitted to show, if she can, that the accident did not arise out of and in the course of decedent's employment, notwithstanding her claim to the contrary before the Industrial Commission. The question whether in fact plaintiff's claim was compensable under the act is a question which should be submitted to the jury upon answer filed and issue joined. If upon that submission it is shown that the accident arose out of and in the course of decedent's employment, defendants will be entitled to a judgment in their favor, not because of any alleged election or release of claim by plaintiff, but because under the provisions of the compensation act plaintiff's claim against defendants is abolished.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, P. J., and MATCHETT, J., concur.