## Anthony A. Walsh, Appellant, v. Central Cold Storage Company, Appellee.

### Gen. Nos. 42,525, 42,442.

404

Opinion filed December 13, 1944.
Released for publication January 4, 1945.

NORMAN PETERS and MARION J. HANNIGAN, both of Chicago, for appellant; GEORGE W. ANGERSTEIN, of Chicago, of counsel.

C. J. MORGAN, of Chicago, for certain appellant.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellee; HERBERT C. DE YOUNG, of Chicago, of counsel.

MR. JUSTICE LUPE delivered the opinion of the court.
The appeal in cause 42525 was consolidated with that in 42442. We will by this opinion dispose of both appeals.

This is an action at law against the defendant Central Cold Storage Company for damages resulting from personal injuries sustained by the plaintiff by reason of alleged negligence of the defendant. The complaint was filed on April 16, 1935, alleging in substance that on October 12, 1934 defendant was operating a cold storage plant and warehouse business in Chicago, Illinois, and that by reason of the negligence and carelessness of the defendant in its possession and maintenance of said plant, and while the plaintiff was upon a public sidewalk at or near the plant, in the exercise of due care for his own safety, a series of violent explosions occurred in the plant, which caused its walls to collapse, and plaintiff was thrown into space and thereby seriously injured.

Defendant filed its answer, admitting ownership and operation, denied carelessness, and alleged that at the time the plaintiff sustained the injury he was engaged in the employment of his master, and as such was operating under and subject to the provisions of the Workmen's Compensation Act of Illinois; that defendant was under and subject to the act; that the accidental injuries which he sustained arose out of and in the course of his employment; and that in accordance with section 29 of the act plaintiff had no right of action against the defendant.

On March 19, 1942 leave was given Borden Sales Company (whom we will term appellant) to file its appearance and an amended complaint. It interpleaded in the cause with Anthony A. Walsh, as party plaintiff, and filed its amended complaint wherein it realleged the allegations of the original complaint and added that the plaintiff was in its employ and that it and the plaintiff and the defendant were subject to the provisions of the Workmen's Compensation Act of the State of Illinois and, as the result of an award regularly entered by the Industrial Commission of Illinois, Borden Sales Company was obliged to pay and did pay to the plaintiff as compensation, and for hospital and

medical expenses the sum of $4,817.95, and joined as plaintiff in the action in accordance with section 29 of the Workmen's Compensation Act [Ill. Rev. Stat. ch. 48, par. 166; Jones Ill. Stats. Ann. 143.44].

Defendant moved to strike the amended complaint and dismiss the action of Borden Sales Company on the ground that its cause of action was barred by the statute of limitations. The motion was sustained, from which order the appellant appealed.

Leave was given defendant to withdraw its answer filed to the original complaint of plaintiff and to file its motion to dismiss plaintiff's suit under section 48 of the Civil Practice Act [Ill. Rev. Stat. ch. 110, par. 172; Jones Ill. Stats. Ann. 104.048], wherein it alleged plaintiff lacked legal capacity to sue and that at the time of the accident as alleged in plaintiff's complaint, the plaintiff, his employer, and the defendant were operating under the Compensation Act of Illinois and that, pursuant to sections 5 and 6 [Ill. Rev. Stat. ch. 48, pars. 142, 143; Jones Ill. Stats. Ann. 143.20, 143.21] thereof, the plaintiff was deprived of any action he might have had against the defendant, he having applied for and received compensation pursuant to the orders of the Industrial Commission of Illinois; and that the claim set forth in plaintiff's complaint had been released by operation of law.

Defendant's motion was supported by affidavit of one William Simon, wherein he recited that he was familiar with the cause of action of the plaintiff and the proceedings before the Industrial Commission wherein plaintiff made claim against the appellant as appears from documents and pleadings on file with the Industrial Commission; that defendant is engaged in the operation of a cold storage business in Chicago, Illinois, maintaining refrigerator equipment, etc.; that defendant is engaged in a business within the Workmen's Compensation Act, and is under its provisions; that on October 12, 1934, and prior thereto, the plain-

tiff was employed by appellant; that appellant had elected to be bound by the Workmen's Compensation Act, and had secured insurance covering it under said act. Affiant further alleged that the injury described in the plaintiff's complaint occurred while the plaintiff was in the course of his employment and while he and his employer were under the provisions of the Workmen's Compensation Act of Illinois; that on December 27, 1934 the plaintiff filed an application for adjustment of claim with the Industrial Commission, against appellant; that in said application it was stated that on October 12, 1934 plaintiff was injured by reason of an accident arising out of and in the course of his employment by Borden Sales Company, Inc.; that in response to the question requiring the nature of work in which plaintiff was engaged at the time of the accident, he answered, "While in the course of employment an explosion occurred, severely injuring my legs and my head"; that on April 4, 1935 the plaintiff filed a petition for a lump-sum settlement with the Industrial Commission, in satisfaction for his claims for compensation; that in the petition the plaintiff asked there be allowed him by the commission an amount equivalent to the total sum of probable future payments in accordance with the provisions of the Workmen's Compensation Act, and on April 4, 1935 there was filed with the commission a settlement contract between the plaintiff and the General Accident, Fire and Life Assurance Corporation (insurance carrier of appellant), for the payment of a lump sum to the plaintiff on account of compensation payable to him as provided by law. The contract recited that plaintiff was injured in an accident that arose out of and while in the employment of appellant; and that on said date the Industrial Commission entered an order approving the lump-sum settlement to plaintiff of $3,135 in addition to which he had already received $275 for temporary total disability, making a total of $3,410; that a settlement receipt

for said sum of $3,410 was executed by the plaintiff and filed with the commission, in full settlement of compensation under the provisions of the act.

Plaintiff filed an answer to defendant's motion, wherein he denied: that he lacked legal capacity to sue; that at the time of the accident described in plaintiff's complaint he was under and within the provisions of the Workmen's Compensation Act of the State of Illinois; that pursuant to sections 6 and 29 of the act plaintiff was deprived of any action against the defendant; that by virtue of said sections of the act he did not have the legal capacity to bring this action; that he applied for and was awarded compensation pursuant to an order of the Industrial Commission of Illinois; that the claim or demand set forth in his complaint has been released by operation of law; and, further, denied the material allegations of the affidavit of William Simon which was attached to and in support of the motion to dismiss.

In support of plaintiff's answer, he filed the affidavit of one Norman Peters, one of plaintiff's attorneys in the present action. In Peters' affidavit he alleged that he was familiar with plaintiff's cause of action against the defendant herein, and with the proceedings in the Industrial Commission by plaintiff against his employer (appellant); that he believed that the defendant is engaged in an extra hazardous business which comes within and is subject to the provisions of the Workmen's Compensation Act; that plaintiff was employed by appellant prior to October 12, 1934, and that appellant has elected to be bound by the Workmen's Compensation Act; that at the time of the occurrence of the injury described in plaintiff's complaint, plaintiff was not engaged in any employment, that he was not then in the course of his employment, that the injuries which he sustained did not arise out of and in the course of his employment, and that he was not then an employee and was not subject to the provisions of the

Workmen's Compensation Act of the State of Illinois; that plaintiff received a voluntary payment from the General Accident Fire and Life Assurance Corporation, which was evidenced by a settlement contract and lump-sum petition filed with the commission; that plaintiff accepted said payment from his employer through its insurance carrier with the full knowledge of the fact that in the State of Illinois such an acceptance of compensation did not constitute an estoppel or waiver of his right to proceed at common law and that it did not constitute an election of remedies.

The court sustained defendant's motion and dismissed the suit at plaintiff's costs, from which order plaintiff appealed.

Appellant contends the court erred in striking the amended complaint and dismissing the suit as to it. Plaintiff's contention is that the court erred in dismissing his cause of action, because the injury sustained by him was due to the negligence of the defendant and did not arise out of and in the course of his employment, and that, even though he (the plaintiff), his employer (appellant); and the defendant were operating under and were subject to the provisions of the compensation act at the time of plaintiff's injury, the act provides no bar to plaintiff's action; that the Industrial Commission had no jurisdiction of the subject-matter; that neither by his appearance and the appearance of his employer before it, nor by their acts before said commission, could they confer jurisdiction on said commission; and that the question of jurisdiction of the commission could be raised at any time.

As to the cause of action of Walsh against the defendant, defendant contends that the trial judge properly dismissed plaintiff's case on the undisputed facts presented; that it is against the public policy of the State to permit plaintiff to avail himself of the relief which the Workmen's Compensation Act gave him and then seek his remedy at common law, where the third

party (defendant herein) was also operating under said act; that by approval of the lump-sum settlement of plaintiff's claim by the Industrial Commission it became binding on plaintiff and is not open to collateral attack by him in the absence of any showing of fraud or collusion in procuring the jurisdiction of the Industrial Commission.

The defendant contends that the essential facts in the affidavits of Simon and Peters are undisputed. With this assumption we cannot agree. The motion to dismiss, supported by affidavit, was not sufficient to dismiss the cause of the plaintiff, as the plaintiff had denied in his counter affidavit the material allegations as alleged in defendant's motion and affidavit, and plaintiff clearly and succinctly alleges that at the time of the occurrence he was not engaged in any employment; that he was not then engaged in the course of his employment; that the injuries which he sustained did not arise out of and in the course of his employment; and that he was not then an employee or subject to the provisions of the Workmen's Compensation Act of Illinois.

Counsel next argues that Peters' affidavit consists only of conclusions and therefore should be disregarded. On the contrary, both the affidavit of Simon and Peters allege facts that were material to the issues then before the court.

Had plaintiff admitted the facts as alleged in the affidavit of Simon filed on behalf of defendant or had there not been a counter affidavit filed on behalf of plaintiff denying the material facts as alleged in the Simon affidavit, an entirely different proposition of law would have been presented.

There were conflicting issues raised by the affidavit in support of the motion and the counter affidavit filed by the plaintiff, which raised questions of fact which the plaintiff was entitled to have submitted to a jury, and if it was then shown by a preponderance of

the evidence that the accident arose out of and in the course of plaintiff's employment, the defendant would be entitled to a judgment in its favor against the plaintiff.

We feel that the court erred in dismissing plaintiff's cause of action on defendant's motion, as the plaintiff was entitled to present his evidence to a jury to determine whether or not the accident arose out of and in the course of his employment.

Complaint is made that plaintiff had availed himself of the relief which the act gave him and he is now seeking a remedy at common law against the defendant; and as plaintiff, his employer, and the defendant were operating under the act at the time of the alleged injury, the public policy of Illinois forbade the bringing of the present action. With this contention we agree, provided, all of the parties were operating under the act and, provided further, that the accidental injuries arose out of and in the course of plaintiff's employment. If the injuries did not arise out of and in the course of plaintiff's employment, plaintiff would have a right to maintain his action against the defendant. If the injuries resulted from an accident arising out of and in the course of plaintiff's employment, the act would control; the parties being bound by it the plaintiff would have no right of action against the defendant. (*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244; *Thornton v. Herman*, 380 Ill. 341; *Rehula v. Bessert*, 322 Ill. App. 146.)

It is the defendant's contention that appellant Borden Sales Company, Inc. was barred by the statute of limitations and that it could not invoke section 46 of the Civil Practice Act in order to have any cause of action as set forth in the amended complaint, nor could the same relate back to the time of the institution of the original action because under the facts of the case no right existed for Walsh to bring such action.

Appellant contends the court misconceived the purport and effect of section 29 of the Workmen's Compensation Act [Cahill's Ill. Rev. Stats. 1933, ch. 48 (sec. 29)] and of section 46 of the Civil Practice Act (Ill. Rev. Stats. ch. 110, par. 170 [Jones Ill. Stats. Ann. 104.046]) and that the court erred in striking the amended complaint and dismissing the appellant's cause of action on the ground that the same was barred by the statute of limitations. Prior to 1935, section 29 of the Compensation act provided that where an injury or death for which compensation is payable by an employer under the act was caused under circumstances creating a legal liability in damages in some person other than the employer to pay damages, and such other person is bound by the act, then the right of the employee or personal representative to recover against such other person shall be subrogated to his employer and such employer may bring legal proceedings against such other person to recover the damages sustained in an amount not exceeding the aggregate amount of compensation payable under the act, by reason of the injury or death of such employee. The word "subrogated" as used in this section has been construed as having the meaning of "transferred." (*Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, 307 Ill. 322; *Friebel v. Chicago City Ry. Co.*, 280 Ill. 76; *Gones v. Fisher*, 286 Ill. 606.) It has been settled by a number of decisions that the Compensation act abolishes the common-law right of action of an employee against a third party for an injury when the employer, employee and the third party, are subject to the provisions of the act. (*O'Brien v. Chicago City Ry. Co.*, 305 Ill. 244, and cases therein cited.) The case of *City of Taylorville v. Central Illinois Public Service Co.*, 301 Ill. 157, holds the right which the employer had by virtue of section 29 of the Compensation act is the same which the employee would have had but for the prohibition of section 6 of the act, and as was said in

the *Joseph Schlitz Brewing Co.* case, *supra*, at page
329, ''We think it must be regarded as settled by our
decisions that the right of action conferred on the em-
ployer by section 29 is the same right of action the em-
ployee had before the adoption of the act, transferred
to the employer.'' There was no provision in the Com-
pensation act as to a statute or the period of limitation
within which such an action must be brought by an
employer against a third party who is also under the
act. That matter was necessarily of great importance
because if the employer has had to pay or has become
liable to pay compensation for accidental injury or
death caused by the negligence of such third party who
was also under the act, he may recover damages not to
exceed the aggregate amount of such compensation,
provided his action is begun within proper time, other-
wise a recovery would be barred. The essential ques-
tion was whether the period of limitation for personal
injuries or wrongful death in cases at law and not
under the compensation act would apply, or whether
the right of action under the first part of section 29
should be considered as a new cause of action so that
the five-year period of limitation would be applicable.
In the case of *Joseph Schlitz Brewing Co. v. Chicago
Rys. Co.*, 307 Ill. 322, it was held that the statute of limi-
tations as to personal injuries and wrongful death is
applicable in actions against such third party in the
same manner as it would have been applicable to the
employee or his personal representative if they had
had an action against such third party. In other
words, where the employer has paid or become liable
to pay compensation for an injury to an employee
his action against the third party must be commenced
within two years, and in death cases the action must
be begun within one year, from the time of the in-
jury or death, respectively. Prior to the *Joseph.
Schlitz Brewing Co.* decision, the Appellate Court
in *Elaborated Ready Roofing Co. v. Chicago &*

*W. I. R. Co.*, 222 Ill. App. 181, and the United States Circuit Court of Appeals, Seventh Circuit, in the case of *Star Brewing Co. v. Cleveland, C. C. & St. L. R. Co.*, 275 Fed. 330, held that the right of action by the employer against a third party was a new right of action and that the period of limitations was five years. We feel, however, that the rule laid down in *Joseph Schlitz Brewing Co. v. Chicago Rys. Co.*, supra, is applicable and that the two-year statute of limitations applies. Appellant, however, contends that by virtue of section 46 of the Civil Practice act it had a right to join in the present action, and argues that as Walsh, the plaintiff, had instituted his suit against the defendant within the time allowed by the statute, and as Walsh's cause of action was transferred to appellant by virtue of section 29 of the Compensation act, the statute of limitations is not applicable to appellant's cause of action. Section 46 of the Civil Practice act permits the amendment of a pleading, filed in apt time, after the time limited for commencing suit, to set up a cause of action on any claim *which was intended to be brought by the original pleading,* provided, only, that it grew out of the same transaction or occurrence, and it is not necessary that the original pleading technically state a cause of action, or that a cause of action set out in the amendment be substantially the same as any cause of action stated in the original pleading. *The term "same transaction or occurrence" so used in the statute means the same suit. (Metropolitan Trust Co. v. Bowman Dairy Co.,* 369 Ill. 222.) Conversely, if the amendment states a cause of action based on an entirely different transaction, or involving entirely different parties, the amendment is of no avail. (*Fitzpatrick v. Pitcairn,* 371 Ill. 203.)

Where an error does occur in the drafting of a complaint, amendments are allowed. While section 46 of the Civil Practice Act was enacted for the purpose of

permitting a plaintiff to amend a complaint so as more correctly to state the cause of action intended to be asserted without being faced with the defense of the statute of limitations, yet an amendment should not be permitted after the running of the statute where an additional party so sought to be added was attempting to assert an independent, though related, claim to that set forth in the original complaint. Amendments are proper when filed to cure a defect or to substitute a proper party, but an assertion of a new and separate cause of action after the running of the statute of limitations should not be permitted. Appellant has attempted to inject a new cause of action by amendment under section 46 of the Civil Practice Act. While this section liberalizes the amendment of pleadings, it has not gone so far as to deprive a defendant of the defense of the statute of limitations against a cause of action not asserted in apt time. The cause of action asserted by plaintiff and the one asserted by appellant were separate, different, and distinct. There was no suit to enforce the claim of appellant pending until the trial court permitted the filing of the "amended" complaint on March 19, 1942. (*Mann v. City of Chicago,* 315 Ill. App. 179.) Appellant was not substituted in the place of Walsh but was impleaded as an additional party plaintiff.

Appellant relies upon the case of *Lincoln Park Coal & Brick Co. v. Wabash Ry. Co.,* 338 Ill. 82. In that case the Lincoln Park Coal and Brick Company brought its action to recover compensation paid as the result of the death of one of its employees alleged to have been caused by the negligence of the Wabash Railway Company. The action was instituted within a year after the death of the employee, which occurred on January 14, 1925, almost two years thereafter. Leave was granted to *substitute* as party plaintiff the Lincoln Park Coal and Brick Company for the use of the United States Fidelity and Guaranty Company, in

lieu of Lincoln Park Coal and Brick Company, and leave was also granted to file an amended declaration. It further alleged that the Guaranty company had issued a policy to the Lincoln Park Coal and Brick Company which was in force on January 14, 1925 and by the terms of which the Guaranty company agreed to protect the Lincoln Park Coal and Brick Company from all loss that it might sustain under and by virtue of the Workmen's Compensation Act, and it also contained a subrogation provision subrogating all rights of the Lincoln Park Coal and Brick Company against any third party to the Guaranty company in the event that the Guaranty company became liable and paid losses in the course of the operation of the Workmen's Compensation Act, and that as a result of the policy the Guaranty company became secondarily liable and did pay the award described in the aforesaid declaration and that by reason thereof it became subrogated to the Lincoln Park Coal and Brick Company. This case seems to be similar to the one before us, but a careful examination shows it to be not controlling. In that case there was a substitution of party plaintiff, whereas in the present suit appellant sought to assert a separate, distinct, and independent cause of action. As was said in the *Lincoln Park Coal & Brick Co.* case, *supra,* at page 68;

"The only difference was that the original declaration contained the name of the nominal plaintiff which was suing on behalf of the beneficial plaintiff, which had prior to the commencement of the suit become subrogated to the rights of the nominal plaintiff, while the amended declaration named as plaintiff the nominal plaintiff for the use of the subrogee to conform to section 18."

In the present suit, could it be said that plaintiff was the nominal plaintiff for appellant? If plaintiff's theory is right and he is able to prove the allegations

of his complaint surely appellant would have no cause of action whatsoever, and the only right that it would have would be by virtue of a lien, if any, for the money that it had paid to plaintiff as compensation, medical expenses, etc. Appellant was not substituted for plaintiff in the instant suit, nor could it be substituted for plaintiff Walsh, as Walsh is attempting to hold defendant liable under defendant's common-law liability for negligence. Appellant was made an additional plaintiff and it sought to recover by virtue of the provision of section 29 of the Compensation act. We therefore conclude that appellant could not invoke section 46 of the Civil Practice act in order to have its cause of action, if any, as set out in its "amended" complaint relate back to the time of the institution of the original action, as its right of action was independent, separate, distinct, and conflicting with that of Walsh. As appellant did not come into the present suit until seven years after the cause of action accrued, we must necessarily conclude that its claim was barred by the statute of limitations, and that the court correctly ruled in reference thereto.

Defendant next contends that the approval of a lump-sum settlement of plaintiff's claim by the Industrial Commission was valid and binding on plaintiff in the instant proceeding and is not open to collateral attack by him in the absence of any showing of fraud or collusion in procuring the jurisdiction of the Industrial Commission or showing of legal disability.

The Workmen's Compensation Act provides compensation only for injuries resulting from accidents arising out of and in the course of the employment. (*Edmonds v. Industrial Commission,* 350 Ill. 197.) And if the injury did not arise out of and in the course of plaintiff's employment the mere fact that he made application for and received money under the act could not affect his right to maintain this suit. The important factor to be determined is whether or not the in-

juries arose out of and in the course of the employment, and not whether he made application for compensation. (*Anderson v. Chicago, B. & Q. R. Co.,* 250 Ill. App. 92.) The fact that money may be actually paid cannot affect the question whether the circumstances of the injury are such as to bring it within the terms of the act. (*Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co.,* 218 Ill. App. 345.)

Counsel for defendant relies upon the cases of *Biddy v. Blue Bird Air Service,* 374 Ill. 506; *Thornton v. Herman,* 380 Ill. 341; and *McInness v. Wilson Printing Co.,* 258 Ill. App. 161. The *Biddy* case was decided under the Michigan act, which differs from the Illinois act. The Workmen's Compensation Act of Michigan is elective as to private employers and their employees. Under our act the employee must proceed under the compensation act unless the third person is not bound by the act, and if the third person is outside the act the employee is not put to an election between compensation under the act and damages at law for negligence. He may prosecute both remedies at the same time. (*O'Brien v. Chicago City Ry. Co.,* 305 Ill. 244; *Gones v. Fisher,* 286 Ill. 606; *Rehula v. Bessert,* 322 Ill. App. 146.)

The case of *Thornton v. Herman,* 380 Ill. 341, fell within the provisions of the compensation act, and therefore has no application to the present case. In the case of *McInness v. Wilson Printing Co.,* 258 Ill. App. 161, the court held that the action was not properly brought under the Workmen's Compensation Act, as the employee was a minor under sixteen years of age, but that his remedy was one under the Child Labor Act. It has no application to the particular point raised by defendant. Defendant next urges that the jurisdiction of the Industrial Commission cannot be attacked in this proceeding. If it should develop at the time of the hearing that the injuries complained of did not arise out of and in the course of plaintiff's employ-

ment, the provisions of the Workmen's Compensation Act could not apply. (*Edmonds v. Industrial Comm.*, 350 Ill. 197; *Rehula v. Bessert*, 322 Ill. App. 146.) The act applies only when compensation is legally payable for the injury in question, the test being whether the circumstances of the injury were such as to bring it within the terms of the act. (*Kelly-Atkinson Const. Co. v. Foreman Bros. Banking Co.*, 218 Ill. App. 345.) The jurisdiction of the Industrial Commission is purely statutory and it is only an administrative body possessing no judicial functions. It cannot apply the compensation act to those who are not subject to its provisions. (*Morris v. Central West Casualty Co.*, 351 Ill. 40.) The parties could not confer jurisdiction by their acts or conduct before the Industrial Commission unless it is clearly shown that the accident arose out of and in the course of the employment. It therefore follows that if the accident from which plaintiff sustained injuries did not arise out of and in the course of his employment the Industrial Commission had no jurisdiction of the subject-matter and its lack of such jurisdiction can be raised at any time. (*Michelson v. Industrial Commission*, 375 Ill. 462.)

In the case of *Anderson v. Chicago, B. & Q. R. Co.*, 250 Ill. App. 92, a similar defense was made to plaintiff's action for personal injuries. The evidence showed that plaintiff received compensation from his employer and signed receipts reciting that the payments were for compensation under the act. The reviewing court held that the injuries were not sustained in an accident arising out of and in the course of plaintiff's employment and said, at pages 96 and 97: "The Compensation Act governs where the employee's injury or death is the result of an occurrence, 'for which compensation is payable by the employer.' (*Keeran v. Peoria, B. & C. Traction Co.*, 277 Ill. 413, 414.) Compensation is payable by the employer only when the injury or death arose out of and in the course of the

employment. If the injury did not so arise, then the provisions of section 29 of the act are not applicable.'' (Citing cases.) ''Whether Sampo's injuries arose out of and in the course of his employment, and not whether he made application for compensation, is the important factor to be determined. It was said in the *Foreman Bros.* case, *supra,* that 'the situation is not changed by reason of the fact that Cahill actually received some payments from his employer, in the form of compensation under the act. The act applies only when compensation is *legally payable* for the injury in question. The fact that it may actually be paid cannot affect the question of whether the circumstances of the injury are such as to bring it within the terms of the act.' We think this doctrine is sound and is within the letter and spirit of the act.''

In the case of *Wilson Garment Mfg. Co. v. Edmonds,* 312 Ill. App. 317, an employee of the Wilson company was injured. He made claim against the owners of the building and effectuated a settlement. He released them from liability. He then made a claim against his employers under the compensation act and settled this claim. Under the settlement agreement approved by the Industrial Commission, reciting denial by the employer that the injuries of the employee arose out of and in the course of his employment and to avoid prolonged litigation the employer had agreed to pay the amount of settlement in full settlement of any and all claims. The employer then brought suit against the defendants under section 29 of the Workmen's Compensation Act to recover the amount paid by it to its employee. The court held it was necessary that the employee must have been injured in the course of his employment and that it appeared in the settlement agreement before the Industrial Commission that the employer took the position that the employee's injuries did not arise out of and in the course of his employment, but that the question must be resolved from the

admitted facts pertaining to the employee's injury and the decisions of our courts construing the act. In affirming the judgment for the employer the court said at page 326: "We are therefore of opinion that, regardless of the provisions of the settlement agreement, the facts clearly indicate that the injuries to Sirota arose out of and in the course of his employment and that he was entitled to claim compensation therefor. The fact that it was a disputed claim does not alter the facts disclosed by the record; nor is it of controlling importance that the parties settled the disputed claim for the purpose of avoiding litigation. In all the decisions that we have had occasion to examine, the courts considered the facts and circumstances in each case to determine whether the injury was compensable under the act. . . ."

In the case of *Olson Drilling Co. v. Industrial Comm.*, 386 Ill. 402, at page 406, the court said:

"In order for an accidental injury to come within the Workmen's Compensation Act, it must be of such character that it may seem to have had its origin in the nature of the employment or have been incidental to the employment, or it must have been the result of a risk to which, by reason of the employment, the injured employee was exposed to a greater degree than if he had not been so employed. It is not enough that the presence of the injured person at the place he was injured was due to his employment, if the injury is sustained by reason of some cause having no relation to the nature of his employment. *Klug v. Industrial Com.*, 381 Ill. 608; *Sure Pure Ice Co. v. Industrial Com.*, 320 Ill. 332."

We therefore feel that plaintiff should be permitted to show, if he can, that the accident did not arise out of and in the course of his employment, notwithstanding his claim to the contrary before the Industrial Commission. If it be shown when the matter is submitted to a jury that the accident arose out of and in

the course of plaintiff's employment, the defendant will then be entitled to a judgment in its favor, not because of the hearing had before the Industrial Commission, nor upon the grounds of *res judicata,* nor on the theory of a release by the plaintiff, or that plaintiff is estopped to bring the present action, but because under the provisions of the compensation act plaintiff's claim against the defendant was abolished. (*Rehula v. Bessert,* 322 Ill. App. 146.)

We are of the opinion the court was correct in its ruling striking the amended complaint of Borden Sales Company, Inc., and in dismissing its claim. However, we feel the court erred in sustaining defendant's motion to dismiss and in dismissing the cause at plaintiff's costs. The judgment dismissing the cause as to appellant Borden Sales Company is therefore affirmed, and the judgment dismissing the cause as to plaintiff Walsh is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

*Affirmed in part; reversed in part, and remanded.*

BURKE, P. J., and KILEY, J., concur.