SHERYL FERGUSON, a Minor, by Quencella Stovall, her Mother and Next Friend, Plaintiff-Appellant, v. ROUNDTABLE MOTOR LODGE, Defendant-Appellee.

Fifth District   No. 79-337

Opinion filed May 7, 1980.

Raymond Howard, of St. Louis, Missouri, for appellant.

Reed, Armstrong, Gorman & Coffey, of Edwardsville (James E. Gorman, of counsel), for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Sheryl Ferguson, was employed as a hotel maid by defendant, Roundtable Motor Lodge, when she was raped by a guest in defendant's hotel. Plaintiff brought this action against defendant in the Circuit Court of Madison County to recover damages, alleging common law negligence. Plaintiff's cause of action was dismissed with prejudice, and this appeal followed.

As grounds for her complaint, plaintiff alleged that defendant "carelessly and negligently owned, maintained, and operated its motel business, in that it failed to provide plaintiff security, warning devices and adequate personnel in and about the area of said premises where plaintiff performed her duties." In its amended answer, defendant asserted the affirmative defenses that plaintiff's claim was cognizable exclusively under the Workmen's Compensation Act and that, in any event, the criminal act of a third party was the intervening proximate cause of plaintiff's injury. We affirm, because the Workmen's Compensation Act bars all actions between employees and participating employers for injuries arising out of and in the course of employment.

■■ Plaintiff's first contention on appeal is that defendant did not establish coverage under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*). This argument was not raised in the trial court and is therefore waived on review. (*Ray v. City of Chicago* (1960), 19 Ill. 2d 593, 169 N.E.2d 73.) In any event, defendant's amended answer set forth as an affirmative defense its election of coverage under the Act and its answers to plaintiff's interrogatories provided the details of its coverage. Plaintiff did not respond to defendant's pleading, and the affirmative matter is deemed admitted. (Ill. Rev. Stat. 1977, ch. 110, par. 40(2).) Accordingly, we find that the defendant proved coverage under the Act.

Plaintiff's second contention is that the injury was not compensable under the Act because it did not arise out of her employment. Somewhat inconsistently, plaintiff maintains that defendant owed her, as its employee, the duty to install security devices for her protection while she performed her duties at work.

The Workmen's Compensation Act provides the sole remedy against an employer for injuries to employees which occur in the course of and arise out of employment. (*Bloemer v. Square D Co.* (1972), 8 Ill. App. 3d 371, 290 N.E.2d 699.) The Act supplants an employer's common law liability for negligence toward the employee and provides that "[n]o

common law or statutory right to recover damages from the employer * * * for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act. * * *" Ill. Rev. Stat. 1977, ch. 48, par. 138.5(a).

It is not disputed that plaintiff was performing duties within the scope of her employment at the time of the assault. It is the status of the person injured at the time of the injury, not the nature or source of the injury, that determines the exclusive application of the Act. The test for the application of the Act, and hence the exclusion of common law remedies, is "whether or not the act being performed at the time of receiving injury was one coming within the scope of * * * employment." (*Rehula v. Bessert* (1944), 322 Ill. App. 146, 151, 54 N.E.2d 71, 74.) Section 5(a), quoted above, "expressly sets forth that a case by an employee against his employer is barred if the injury was sustained 'in the line of duty of such employee.' The reference is as to the status of the employee at the time of injury and not to the capacity of the employer at the time of the tortious conduct." *Winkler v. Hyster Co.* (1977), 54 Ill. App. 3d 282, 285, 369 N.E.2d 606, 609; *Sago v. Amax Aluminum Mill Products, Inc.* (1978), 67 Ill. App. 3d 271, 274, 385 N.E.2d 17, 19. See also *Greene v. Walgreen Co.* (1942), 317 Ill. App. 148, 45 N.E.2d 690 (abstract).

It is thus established that no action for damages caused by injury at work can be brought against an employer, so long as the employee is covered under the Act. From its inception, the Act has been interpreted to relieve a participating employer "from any liability for the recovery of damages by an employee except as provided in the act * * *. The act, in taking away existing rights of action of the employee and extending the liabilities of the employer, * * * is sustained as a legitimate exercise of the police power for the promotion of the general welfare * * *." (*Matthiessen & Hegeler Zinc Co. v. Industrial Board* (1918), 284 Ill. 378, 382-83, 120 N.E. 249, 251; *Keeran v. Peoria, Bloomington & Champaign Traction Co.* (1917), 277 Ill. 413, 115 N.E. 636.) "The act was designed as a substitute for previous rights of actions of employees against employers to cover the whole ground of the liability of the master, and it has been so regarded by all courts * * *. [Citation.]" *Duley v. Caterpillar Tractor Co.* (1969), 44 Ill. 2d 15, 18, 253 N.E.2d 373, 374.

We express no opinion about whether plaintiff may in fact recover in workmen's compensation, as that issue is not now before us; it is the province of the Industrial Commission to review compensation claims. (Ill. Rev. Stat. 1977, ch. 48, par. 138.18.) We note, however, that compensation has been granted to employees injured by the acts of third persons when the injury arose out of and in the course of employment.

(*Bloom v. Industrial Commission* (1975), 61 Ill. 2d 248, 335 N.E.2d 423; *Deal v. Industrial Commission* (1976), 65 Ill. 2d 234, 357 N.E.2d 541; see 99 C.J.S. *Workman's Compensation* §227 (1958).) Omission of plaintiff's particular injuries from the compensation schedule in section 8 of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.8) is not dispositive of coverage, so long as the injury is comprised in section 5 (Ill. Rev. Stat. 1977, ch. 48, par. 138.5). *Moushon v. Industrial Commission* (1956), 9 Ill. 2d 407, 137 N.E.2d 842. .

■■ The circuit court was correct in dismissing plaintiff's complaint. The judgment of the Circuit Court of Madison County is affirmed.

Affirmed.

JONES, P. J., and SPOMER, J., concur.