ROBERT RATHKE, Plaintiff-Appellant, v. JERRY ALBEKIER *et al.*, Defendants-Appellees.

First District (1st Division)  No. 1—88—1934

Opinion filed March 20, 1989.

Law Offices of Frances J. White, of Downers Grove (William F. White, of counsel), for appellant.

Parrillo, Weiss & Moss, of Chicago (Michael J. O'Halloran and Keely Howe, of counsel), for appellees.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from the dismissal of an action to recover damages pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619). At issue is whether a release given to a dramshop also releases an allegedly intoxicated motorist with respect to injuries caused by the motorist, pursuant to the common law rule that a release of one joint tortfeasor releases all, where the cause of action arose prior to the effective date of "An Act in relation to contribution among joint tortfeasors" (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*) (Contribution Act). We reverse.

Plaintiff, Robert Rathke, was born May 24, 1967. The parental rights of his natural parents were terminated under docket No. 67—J—4767, and he was adopted on September 2, 1981.

On October 6, 1977, during a visit to his natural mother, Marie Albekier, he was a passenger in a car driven by her husband, Jerry Albekier, which collided with a car driven by defendant Carol Fanning.

On December 2, 1977, a lawsuit was filed against Carol Fanning by Jerry Albekier, Marie Albekier and Robert Turza [now Rathke], a minor, by Marie Albekier as his mother and next friend. That suit was terminated by a stipulation to dismiss entered on January 10, 1980.

In 1978, a lawsuit was filed on behalf of the plaintiff against the Howard Johnson Company, the Ground Round, Inc., and various employees under "An Act relating to alcoholic liquors" (Ill. Rev. Stat. 1977, ch. 43, par. 135) (Dramshop Act). In that action it was alleged that those defendants had sold, served or given alcoholic beverages to Carol Fanning and they were therefore liable for injuries sustained by Rathke in the October 16, 1977, accident.

In 1985, after reaching the age of majority, plaintiff settled the dramshop action and signed a release for a money settlement to the Howard Johnson Company and the Ground Round, Inc., of all claims for injuries resulting from the 1977 accident.

On November 14, 1985, Rathke filed the present lawsuit against Jerry Albekier, Marie Albekier and Carol Fanning. The counts against the Albekiers were dismissed after failure to obtain service. Defendant Fanning's motion to dismiss was granted on the basis of the release given in the dramshop case. Plaintiff now appeals.

The plaintiff contends that the release given to the dramshop cannot release Carol Fanning because a release given to a nontortfeasor does not discharge a tortfeasor. Plaintiff cites *Hopkins v. Powers* (1986), 113 Ill. 2d 206, 211, 497 N.E.2d 757, in which the Illinois Supreme Court stated that a tavern's "liability is limited to the exclusive, *sui generis* nontort liability of the Dramshop Act." Plaintiff also relies on *Clear-Vu Packaging, Inc. v. National Union Fire Insurance Co.* (1982), 105 Ill. App. 3d 671, 434 N.E.2d 365, in which the court noted that "a release given a nontortfeasor does not release another who may be a tortfeasor." *Clear-Vu*, 105 Ill. App. 3d at 675.

The defendant contends that as this case arose prior to the Contribution Act, which applies only to causes of action arising on or after March 1, 1978 (Ill. Rev. Stat. 1987, ch. 70, par. 301 *et seq.*), it is governed by the common law rule of releases under which "a full release of one indivisible injury to any of those concurring in its cause releases both joint and independent concurrent tortfeasors." (See *Porter v. Ford Motor Co.* (1981), 103 Ill. App. 3d 848, 850, 431 N.E.2d 1261, *aff'd* (1983), 96 Ill. 2d 190.) The defendant also relies on *Schrempf v. New England Mutual Life Insurance Co.* (1982), 103 Ill. App. 3d 408, 412, 431 N.E.2d 402, in which the court noted that the common law rule was applicable to parties "concurrently liable for a single indivisible injury as well as to those who are technically joint tortfeasors."

The common law rule requiring the release of all tortfeasors upon the release of one was devised to prevent a claimant from filing suit against joint tortfeasors in a piecemeal fashion, thereby collecting

an amount greater than one satisfaction. (See, *e.g.*, *Manthei v. Heimerdinger* (1947), 332 Ill. App. 335, 75 N.E.2d 132.) This rule has been variously described as "unfair," "harsh" and "without any rational basis," as it often operated unfairly and failed to take into account the intention of the parties. (J. Calamari & J. Perillo, Contracts §20—3 (2d ed. 1970).) In *Alsup v. Firestone Tire & Rubber Co.* (1984), 101 Ill. 2d 196, 461 N.E.2d 361, the court considered whether a tortfeasor who had settled in good faith with a claimant pursuant to section 2(c) of the Contribution Act was discharged from all liability for any contribution to any other tortfeasor. The court held that a party who did not bargain for a release is not discharged by the release unless expressly named. While this decision arose in the context of the Contribution Act, the court also held this rule applicable to all releases executed after January 20, 1984. *Alsup*, 101 Ill. 2d at 202-03.

The only question to be decided then is whether in executing a release in favor of the dramshop, plaintiff intended also to release Carol Fanning. In interpreting releases, Illinois courts "restrict the language of a general release to the thing or things intended to be released and refuse to interpret generalities so as to defeat a valid claim not then in the minds of the parties." (*Beauvoir v. Rush-Presbyterian-St. Luke's Medical Center* (1985), 137 Ill. App. 3d 294, 304, 484 N.E.2d 841, quoting *Gladinus v. Laughlin* (1977), 51 Ill. App. 3d 694, 696, 366 N.E.2d 430.) In determining intent we are required to look both to the language of the agreement and the circumstances surrounding its execution to determine the intent of the parties. (*Whitehead v. Fleet Towing Co.* (1982), 110 Ill. App. 3d 759, 762-63, 442 N.E.2d 1362.) Where a release makes no mention of a joint tortfeasor nor states that it is in full satisfaction of all of a plaintiff's claims against all potential parties, we will not conclude that the plaintiff intended to release such unnamed parties. (See *Clear-Vu Packaging, Inc. v. National Union Fire Insurance Co.* (1982), 105 Ill. App. 3d 671, 674, 434 N.E.2d 365.) Reviewing the facts of the instant case in light of *Alsup* and the above principles, we are persuaded that neither the plaintiff nor the dramshop intended that any claims other than those against the dramshop be released.

Plaintiff filed the instant suit against Carol Fanning on November 14, 1985. On November 19, 1985, only five days later, the dramshop suit was settled. The release stated that it released the dramshop action and named the dramshop defendants individually. The release clearly states that the payors of the settlement are the persons to be released and the payors named in the release were those who actually bargained for and obtained the release. There is no

basis upon which to assume that when Rathke and the Howard Johnson Company executed the release as to the dramshop defendants they intended to release Fanning, who had not bargained for the release and was neither expressly named nor implied in the release. See *Alsup*, 101 Ill. 2d at 202-03.

For the above stated reasons, the judgment of dismissal is reversed and the cause is remanded to the circuit court of Cook County.

Judgment reversed.

BUCKLEY and QUINLAN, JJ., concur.