# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Mason v. John Boos & Co.*, 2011 IL App (5th) 100399

---

| | |
|---|---|
| Appellate Court Caption | CLINT MASON, Plaintiff-Appellant, v. JOHN BOOS & COMPANY, WESTAFF, INC., and REAL TIME STAFFING SERVICES, INC., Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-10-0399 |
| Filed | October 28, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In an action arising from the injuries plaintiff suffered while working at defendant wood products manufacturing company as a temporary employee supplied by defendant employment agency, the agreement plaintiff entered into with the employment agency upon receiving compensation pursuant to his workers' compensation claim released any and all claims arising out of the accident, including his claim against the manufacturing company, and the appellate court rejected plaintiff's argument that the agency's failure to register with the Department of Insurance as an "employee leasing company" in violation of the Employee Leasing Company Act barred application of the exclusive remedy provision of the Workers' Compensation Act. |
| Decision Under Review | Appeal from the Circuit Court of Effingham County, No. 09-L-42; the Hon. Douglas L. Jarman, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Eric L. Terlizzi, of Salem, for appellant.

Thomas Gamache, of Slavin & Slavin, Julie A. Teuscher, Kathleen M. McCabe, Lea Ann Fracasso, and Yaro M. Melynk, all of Cassiday Schade LLP, both of Chicago, for appellees.

Panel

JUSTICE WELCH delivered the judgment of the court, with opinion.

Presiding Justice Chapman and Justice Donovan concurred in the judgment and  opinion.

## OPINION

¶ 1        The plaintiff, Clint Mason (Mason), appeals the judgment entered by the circuit court of Effingham County granting the defendants', John Boos & Company (Boos Company), Westaff, Inc. (Westaff), and Real Time Staffing Services, Inc., dismissal of his complaint with prejudice. For the following reasons, we affirm.

¶ 2        Boos Company manufactures wood products. Westaff is a temporary employment agency that assigned temporary employees to Boos Company. Westaff supplied unemployment insurance, workers' compensation, and other liability insurance to its employees. Westaff also provided Boos Company with information regarding workers' compensation and liability coverage.

¶ 3        On October 7, 2007, Westaff assigned Mason to work as a temporary employee at Boos Company. On November 7, 2007, Mason was injured while working on a molding machine at the factory. Mason's right hand was caught in the machine, which resulted in the amputation of his thumb and most of his four fingers on his right hand. Thereafter, Mason filed a claim for benefits related to his injury pursuant to the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 2008)). On October 29, 2009, Mason entered into a settlement agreement with Westaff and received compensation for his injury in the amount of $92,500. Mason signed a release within the settlement agreement releasing all claims against the defendants, and the settlement was approved by the workers' compensation board on November 12, 2009.

¶ 4        In the interim, on November 4, 2009, Mason filed a negligence action against the defendants alleging that they had allowed him to operate a machine without adequate training, allowed him to operate a machine without a "kill" switch, and allowed him to operate a machine without safety guards. Mason alleged that as a result of his injury, he had endured pain and suffering, had incurred medical bills, and was permanently disabled. The defendants filed a motion to dismiss pursuant to sections 2-619(a)(6) and (a)(9) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(6), (a)(9) (West 2008)) arguing

that Mason's exclusive remedy was under the Workers' Compensation Act and that the release signed by Mason in his settlement agreement barred his claims against the defendants. Argument on the motion to dismiss was heard on June 29, 2010, and the trial court entered a written order on July 27, 2010, granting the defendants' motion to dismiss with prejudice on two bases. First, the trial court held that Mason's claim was barred by section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2008)) because the Workers' Compensation Act provided the exclusive remedy for Mason's claims. Second, the trial court held that Mason's claim had been released in the settlement agreement in the workers' compensation case and that, accordingly, the defendants were entitled to dismissal pursuant to section 2-619(a)(6) of the Code (735 ILCS 5/2-619(a)(6) (West 2008)). Mason filed a timely notice of appeal on August 19, 2010.

¶ 5        On appeal, Mason first argues that Westaff failed to register with the Department of Insurance as an "employee leasing company" in violation of section 20 of the Employee Leasing Company Act (215 ILCS 113/20 (West 2008)) and is therefore deprived the benefit of the exclusive remedy provision of the Workers' Compensation Act. Mason contends that failure of an "employee leasing company" to register under the Employee Leasing Company Act (215 ILCS 113/1 *et seq.* (West 2008)) denies exclusivity under the Workers' Compensation Act to both the loaning and borrowing employer for common law tort liability to an injured temporary employee.

¶ 6        In response, the defendants first note that Mason has admitted that the exclusive remedy provision of the Workers' Compensation Act provides a bar to the instant common law tort remedy against the defendants. Second, the defendants note that Mason has failed to provide case law wherein Illinois courts have upheld his argument that failure to register under the Employee Leasing Company Act results in an inability to claim the protections of the exclusive remedy provision of the Workers' Compensation Act. The defendants, likewise, have found no case law supporting Mason's theory. In fact, the plaintiff has admitted that this is an issue of first impression. Accordingly, we turn to the statutes at hand. The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *People v. Boykin*, 94 Ill. 2d 138, 141 (1983). In determining what the intent is, the court may properly consider not only the language used in a statute but also the reason and necessity for the law, the evils sought to be remedied, and the purpose sought to be achieved. *City of Springfield v. Board of Election Commissioners*, 105 Ill. 2d 336, 341 (1985). In construing a statute, the court must assume that the legislature did not intend an absurd result. *People v. Steppan*, 105 Ill. 2d 310, 316 (1985).

¶ 7        The Workers' Compensation Act provides the exclusive remedy available to injured employees and therefore bars any common law or statutory right to recover damages from the employer for injury or death except as provided under the Workers' Compensation Act. 820 ILCS 305/5 (West 2008); *Ferguson v. Roundtable Motor Lodge*, 83 Ill. App. 3d 331, 332 (1980). The purpose of the Workers' Compensation Act is to "provide speedy recovery without proof of fault for accidental injuries that occur in the workplace during the course of work." (Internal quotation marks omitted.) *Reed v. White*, 397 Ill. App. 3d 975, 978 (2010). Employees who are injured during the course of work are not permitted to seek and recover compensation under both the Workers' Compensation Act and common law. *Reed*,

397 Ill. App. 3d at 978. Furthermore, section 2-619(a)(9) of the Code provides for dismissal of the claim asserted if it is "barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (West 2008).

¶ 8    The stated purpose of the Employee Leasing Company Act is to "ensur[e] that an employer that leases some or all of its workers properly obtains workers' compensation insurance coverage for all of its employees, including those leased from another entity, and that premium is paid commensurate with exposure and anticipated claim experience." 215 ILCS 113/5 (West 2008). Section 10 of the Employee Leasing Company Act applies to "all lessors and insurers conducting business in this State." 215 ILCS 113/10 (West 2008). Section 15 of the Employee Leasing Company Act defines a "lessor" as an "entity that leases any of its workers to a lessee through an employee leasing arrangement." 215 ILCS 113/15 (West 2008). The Employee Leasing Company Act states, "The employee leasing company shall be entitled along with the client to the exclusivity of the remedy under both the workers' compensation and employers' liability provisions of a workers' compensation policy or plan that either party has secured." 215 ILCS 113/45(1) (West 2008).

¶ 9    When the Employee Leasing Company Act was originally enacted in January 1998, section 20(a) provided that "[a]n employee leasing company may not engage in business in this State without first registering with the Department." 215 ILCS 113/20(a) (West Supp. 1997). The current version of section 20(a) provides that "[a] lessor shall register with the Department prior to becoming a qualified self-insured for workers' compensation or becoming eligible to be issued a workers' compensation and employers' liability insurance policy." 215 ILCS 113/20(a) (West 2008). Accordingly, the Employee Leasing Company Act anticipates that some leasing companies may fail to register. Section 50 of the Employee Leasing Company Act provides that the only remedy for a violation to register is to deny or revoke registration. 215 ILCS 113/50 (West 2008). Therefore, in the event that a company fails to register, that company is not eligible to receive workers' compensation and employers' liability insurance policies.

¶ 10    The defendants note that on the face of the Employee Leasing Company Act, there is no indication of any conditional application of the exclusive remedy protection. According to the defendants, there is no reason to view the Employee Leasing Company Act as being in conflict with the statutory/common law basis of exclusivity protection rendered to a borrowing/loaning employer. Nowhere does the Employee Leasing Company Act provide for penalties other than revocation of registration. There is also no indication that failure to register results in forfeiture of the exclusive remedy protection under the Workers' Compensation Act. In fact, the Workers' Compensation Act details penalties for employers who fail to obtain or carry proper liability insurance. 820 ILCS 305/4 (West 2008). One such penalty provides that an employee of an uninsured employer may choose whether to file a civil suit or an application with the Illinois Workers' Compensation Commission instead of filing an action in a civil court and that the employer is not entitled to the benefits of an exclusive remedy during the period of noncompliance. 820 ILCS 305/4(d) (West 2008).

¶ 11    In this case it is undisputed that Mason's injury occurred during the course of his employment as a temporary worker at Boos Company and that he sought and received recovery under the Workers' Compensation Act. Accordingly, Mason chose to proceed with

-4-

a workers' compensation claim rather than a civil claim. Once an employee chooses to obtain compensation under the Workers' Compensation Act, any civil action is barred. *Fregeau v. Gillespie*, 96 Ill. 2d 479, 486 (1983). There is no indication in the record that the defendants failed to obtain workers' compensation coverage. To the contrary, because Mason was compensated by his settlement approved by the Illinois Workers' Compensation Commission (Commission), it is clear that the defendants did have such coverage. Nor is there any suggestion that the premiums paid were not commensurate with exposure and anticipated claim experience. We therefore reject Mason's argument that failure of an "employee leasing company" to register under the Employee Leasing Company Act negates the exclusive remedy under the Workers' Compensation Act.

¶ 12    Next on appeal, Mason argues that the settlement agreement did not act as a release of his common law tort claim. Mason's argument is twofold. He first argues that because Boos Company was not named in the settlement order, the settlement order did not act as a release as to Boos Company. Second, he argues that the settlement order released only his claims under the Workers' Compensation Act and did not release his common law tort claim. Mason contends that the Commission has no subject matter jurisdiction beyond the workers' compensation claims for workers' compensation benefits and cannot release or affect claims beyond claims for workers' compensation benefits.

¶ 13    "A release is a contract whereby a party abandons a claim to a person against whom that claim exists." *Whitehead v. Fleet Towing Co.*, 110 Ill. App. 3d 759, 762 (1982). To determine the intent of the release, courts look to both the language of the release itself and the circumstances surrounding the execution of the release. *Rathke v. Albekier*, 181 Ill. App. 3d 63 (1989); *Gladinus v. Laughlin*, 51 Ill. App. 3d 694, 696 (1977).

¶ 14    In response, the defendants note that a rider attached to and incorporated into the settlement order states as follows:

"[I]n full, final and complete settlement of any and all claims of any nature whatsoever, including but not limited to past, present, and future time losses, medical, surgical and hospital expenses and for any and all permanent disability of whatever nature, allegedly arising out of an accident on or about 11/07/2007 and all known and unknown injuries and sequelae which allegedly resulted or will result from said accident *** Petitioner agrees that this settlement shall include all other claims of accident or injury, either by a specific accident or repetitive trauma, for all dates of work by Petitioner for Respondent not limited to the above date of loss."

¶ 15    The defendants note that Mason's claim arose out of the date of injury subject to the settlement order and is therefore barred. The defendants also note that although the Commission must approve the terms of the settlement agreement, this does not limit the terms of the enforceable contract that the parties entered into. Furthermore, Mason has failed to provide any legal support for his proposition that the Commission did not have the authority to release or satisfy his claims in the settlement agreement. However, the Commission did not release or satisfy the common law tort claims; Mason has done so by drafting and executing the release. The settlement agreement was between Mason and the defendants, the employee and the employers, and the parties agreed to the terms they chose

to incorporate into the agreement. Moreover, for the plaintiff to receive a second recovery for the same injuries would result in double recovery, which would lead to an unjust result. Accordingly, we conclude that the terms of the settlement contract release any and all claims arising out of the November 7, 2007, accident, including Mason's common law tort claim of negligence.

¶ 16      For the foregoing reasons, the judgment entered in the circuit court of Effingham County is hereby affirmed.

¶ 17      Affirmed.